**MORAUER & HARTZELL, INC., et al.**

v.

**E. D. WOODWORTH, Deputy Commissioner, Bureau of Employees' Compensation**

**Alexander McClanahan, Appellant.**

No. 23945.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 9, 1970.

Decided Dec. 30, 1970.

---

Mr. John Louis Smith, Jr., Washington, D. C., with whom Mr. Charles B. De Shazo, Washington, D. C., was on the brief, for appellant.

Mr. James F. Bromley, Washington, D. C., with whom Mr. James C. Gregg, Washington, D. C., was on the brief, for appellees.

Before McGOWAN, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

This appeal raises a question of statutory interpretation under Section 33(g) of the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C. § 933(g) (Supp. V, 1970).

Appellant suffered an injury while at his place of employment in 1962, and filed a claim with the Bureau of Employees' Compensation. On August 24, 1964, the Bureau, upon a finding that the injury had caused temporary total disability, ordered appellees (the employer and its insurance carrier) to make compensation payments totaling $3,780.00. While the claim was pending before the Bureau, appellant filed a civil action in the District Court against a third party, alleging that the conduct of its employees had contributed to the same injury. The case was set for trial on February 20, 1967. On that date counsel for appellant and the third party were called into chambers by the trial judge to discuss settlement. Following his usual practice in exploring settlement possibilities in civil matters, the judge first conferred with both attorneys together and then spoke privately with each one. It appears that at some point during these discussions the judge suggested that, having reviewed the file, the claim seemed to him to be worth $5,000.00. Although other figures were apparently also considered, the parties finally settled on the $5,000.00 figure, and on March 3, 1967, a consent judgment for that amount was entered. Appellant's wife received $3,000.00 and appellant received $2,000.00. Attorney's fees consumed $800.00 of appellant's share and the remaining $1,200.00 was turned over to the employer and its insurer as partial reimbursement for the disability payment made to appellant under the compensation order of August 24, 1964.[1]

Subsequently, appellant filed with the Bureau a claim for modification of the 1964 compensation award, alleging that his injury had proved more serious and of longer duration than had been anticipated. Although the Deputy Commissioner did not find a disability to the extent alleged by appellant, he did order a modification of the award based on a finding of temporary partial disability for a period of approximately two years following the period of total disability covered by the former award. The modification added $2,328.70 to appellant's total compensation award.

Appellees challenged the modification in the District Court, and appellant intervened as a party defendant. Appellees' primary contention was that the Deputy Commissioner was barred from granting any further compensation by Section 933(g), which states that,

"If compromise with such third person is made by the person entitled to compensation * * * of an amount

[1]. The remittance of an amount equal to the amount recovered from a third party is required by Section 933(f) since the employer is only responsible to pay compensation for the excess over what any third party must pay. 33 U.S.C. § 933 (f) (1964).

less than the compensation to which such person * * * would be entitled * * * *the employer shall be liable for compensation as determined in subdivision (f) of this section only if such compromise is made with his written approval."*

33 U.S.C. § 933(g) (Supp. V, 1970) (emphasis supplied). Appellees argued that the consent judgment appellant obtained against the third-party tortfeasor was a "compromise" within the meaning of the statute and that, since appellant had stipulated that no written approval was secured, he was precluded from further recovery. The Deputy Commissioner, however, had determined that the consent judgment, formalizing and implementing the parties' settlement agreement, was not a "compromise" within Section 933(g), but was rather the product of what he termed a "judicial determination of the damages recoverable from the third party." Therefore, so the Deputy Commissioner concluded, Section 933(g) was not applicable, and no written consent by the employer was required.

On cross-motions for summary judgment, the District Court ruled, in agreement with appellees, that the consent judgment "was entered for the purpose of confirming a compromise," and that appellant was, therefore, barred from obtaining additional compensation.[2] Appellant's challenge to this grant of summary judgment forms the basis of this appeal.

Under the Longshoremen's & Harbor Workers' Compensation Act, an employee may be entitled to compensation from his employer and also to recover damages against any third person for the same injury. Section 933(f) stipulates, however, that the employer is only responsible for the difference between the total compensation award as computed by the Bureau of Employees' Compensation, and the amount recovered from any third party. Therefore, any third-party recovery which is less than the total amount of compensation already paid, or to which the employee is entitled, inures to the benefit of the employer and his insurance carrier. To the extent that the employee compromises his third-party claim and settles for less than he would recover upon a full judicial determination, the employer is to that degree prejudiced. Section 933(g) attempts to avoid this possibility of hardship to the employer by requiring that the employee obtain the written consent of the employer to any compromise he may enter into. If no such consent is secured, the statute, in effect, conclusively presumes prejudice and bars any further compensation recovery from the employer. *See* Marlin v. Cardillo, 68 App.D.C. 201, 95 F.2d 112 (1938).

Although appellant does not take issue with the manner in which the statute operates when an employee has settled his claim against a third party, he asserts that, under the circumstances giving rise to the consent judgment here, it was not a "compromise" but a "judicial determination" of the amount of recovery to which he was entitled. Chief reliance for this proposition is placed on Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968). In *Banks*, the wife of a deceased employee obtained a jury verdict in a wrongful death action against a third-party tortfeasor for $30,000. The third party moved for a new trial and the trial judge ruled that the motion would be granted unless the plaintiff consented to a remittitur of $11,000. The plaintiff accepted the remittitur

---

**2.** Appellant, in addition to his unsuccessful cross-motion for summary judgment on the Section 933(g) issue, filed another motion for summary judgment, contending that the Deputy Commissioner's finding of temporary partial disability was unsupported by substantial evidence and that the District Court should overturn that finding and replace it with a finding of permanent total disability. The court, having found appellant not entitled to any further compensation on the Section 933(g) ground, was not required to deal with the merits. Our concurrence in the District Court's holding eliminates this issue from our consideration as well.

without first seeking the written approval of the decedent's employer. The employer contested a subsequent claim for compensation by decedent's wife on the ground that further compensation was barred by the acceptance of a remittitur, which the employer contended constituted a compromise. The Supreme Court held that the remittitur was a judicial determination of recoverable damages rather than a mutual agreement between the parties. The Court reasoned that the danger of prejudice to the employer "is not present when damages are determined, not by negotiations between the employee and the third party, but rather by the independent evaluation of a trial judge." 390 U.S. at 467, 88 S.Ct. at 1145.

The case before us is clearly distinguishable. First, the consent judgment was not the result of the judge's independent finding of the value of the claim after full presentation of the evidence, but was at most an informal exploratory attempt to determine the possibilities for private settlement—a practice within a familiar tradition and well understood by the participants. Second, the record does not indicate, and appellant has not argued, that the trial judge in any way forced acceptance of his suggested figure by indicating that it was the highest amount he would accept from the jury if appellant decided to go to trial. Third, since appellant was free to reject the settlement opportunity and have the case heard, the possiblity of prejudice to the employer, arising from appellant's acceptance of a lesser amount than a jury might award, did exist here.

In no way can this private compromise be considered a judicial determination. Certainly the mere intervention of the trial judge at the pretrial stage in an effort to encourage settlement does not make the agreement any less a private compromise. *Compare* Bell v. O'Hearne, 284 F.2d 777 (4th Cir. 1960). In view of the parties' stipulation that no written consent to this compromise

was secured from the employer, appellant's subsequent claim before the Bureau was barred, as the District Court found, under Section 933(g).

Affirmed.