Margaret Kistler PETER, Widow, and Debra Lynn Peter and Carla Jan Peter, minor dependent children of Ralph M. Peter, deceased employee, Plaintiffs,

v.

Phillip F. ARRIEN, Deputy Commissioner, United States Employees Compensation Commission, Third Compensation District, Defendant,

and

Public Contracting Corporation, Intervener.

Civ. A. No. 70–1078.

United States District Court, E. D. Pennsylvania.

March 5, 1971.

See also, 319 F.Supp. 1348.

Milton M. Borowsky, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Faith Whittlesey, Asst. U. S. Atty., Philadelphia, Pa., for defendant; Leavenworth Colby, Special Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., of counsel.

Joseph B. Erwin, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for intervener.

## OPINION AND ORDER

WOOD, District Judge.

Plaintiffs seek to set aside an order of the Deputy Commissioner denying them compensation under the Longshoremen's and Harbor Workers' Compensation Act (hereinafter Longshoremen's Act), 33 U.S.C. § 901 et seq., for an accident in which plaintiffs' decedent was drowned. Intervener, Public Contracting Corporation (Public) is a contractor for whom decedent's employer was subcontractor.[1]

The case is before the Court on motions of all parties for summary judgment, there being no dispute as to any material fact. The Deputy Commissioner and Public argue that the findings of the Deputy Commissioner should not be disturbed since they are supported by substantial evidence on the record. Plaintiffs dispute this and contend that, on the contrary, the record conclusively establishes that they are entitled to compensation.

---

1. Public is the real party in interest by reason of § 4 of the Longshoremen's Act, 33 U.S.C. § 904 which provides:

"In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of [such] compensation to employees of the subcontractor unless the subcontractor has secured such payment."

As decedent's employer, Reid Construction Company, did not carry a policy of insurance for benefits under the Longshoremen's Act, Public is responsible for the payment of said benefits.

Decedent, Ralph M. Peter, was employed by Reid Construction Company (Reid) as a crane operator. On March 1, 1961, Public contracted for the demolition of a bridge across the Delaware River between Yardley, Pennsylvania and Wilburtha, New Jersey. Reid subsequently subcontracted with Public to demolish the bridge.

In the course of the demolition, decedent operated a forty-ton crane with a ninety-foot boom which was at different times used with a headache ball and a drag line. The crane was operated from a causeway which extended approximately three hundred feet from the bank on the Pennsylvania side of the river. Reid had constructed the causeway from piers closest to the Pennsylvania shore which had already been demolished and from material excavated from the river bottom. The causeway was to be removed after the demolition of the bridge was completed and the river was to be restored to its original elevation. The causeway was often under water which reached a maximum depth of one-and-a-half feet.

On September 11, 1961, while decedent was operating the crane with the drag line, the line snagged onto some lacing from the bridge span which had embedded in the river and the crane toppled into the swift moving current of the channel. Decedent was carried downstream and drowned before any of the other employees could reach him.

Section 3 of the Longshoremen's Act, 33 U.S.C. § 903 provides:

> "Compensation shall be payable under this chapter * * * only if the disability or death results from an injury occurring upon the navigable waters of the United States * * * and if recovery * * * through workmen's compensation proceedings may not validly be provided by State law."

The Deputy Commissioner rejected plaintiffs' claim on the grounds that decedent was not engaged in maritime employment at the time of his death and that benefits had validly been provided by New Jersey compensation law.

The Deputy Commissioner found that the accident in question occurred upon the navigable waters of the United States. Such a finding must be accepted if supported by substantial evidence. O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965).

The record in this case clearly supports the Deputy Commissioner's finding. Public contends that the causeway from which decedent was working was an extension of the land and that consequently the locus of the accident was not the navigable waters of the United States. However, the cases which have denied compensation under the Longshoremen's Act on the ground that injuries occurred on extensions of the land are limited to those situations in which injuries were sustained on piers permanently affixed to the shore. See Nacirema Operating Co., Inc. v. Johnson, 396 U.S. 212, 90 S.Ct. 347, 24 L.Ed.2d 371 (1969). Public urges us to analogize the causeway in this case to the floating outfitting pier held to be an extension of the land in Travelers Insurance Company v. Shea, 382 F.2d 344 (5th Cir. 1967). In that case, however, the pier had been attached to the river bottom for a period of eighteen years and there was no evidence that it was to be dismantled in the future. In the case at bar, the causeway had been built by the contractor itself solely to provide access toward the middle of the river and it was to be dismantled as soon as the demolition was completed. It is clear, therefore, that the Deputy Commissioner correctly found that the accident occurred upon the navigable waters of the United States. See Michigan Mutual Liability Co. v. Arrien, 344 F.2d 640 (2nd Cir. 1965); O'Keeffe v. Atlantic Stevedoring Co., 354 F.2d 48 (5th Cir. 1965).

The Deputy Commissioner further found that at the time of his death,

decedent was not engaged in maritime employment, as "the construction and demolition of bridges over navigable waters of the United States * * * traditionally comes under the jurisdiction of State Compensation Laws." We conclude that this finding was not based on substantial evidence.

■ Injuries to employees engaged in the construction or demolition of bridges are compensable under the Longshoremen's Act. In Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942), claimant, the widow of a construction worker who drowned while engaged in the dismantling of a drawbridge across a navigable river, sought compensation under the state of Washington's compensation act. The Court, while sustaining the applicability of the state act, found that the claimant could also have recovered under the Longshoremen's Act. The right of one engaged in the construction of a bridge to recover compensation under the Longshoremen's Act was again sustained in Dixon v. Oosting, 238 F.Supp. 25 (E.D.Va.1965) and Hardaway Contracting Company v. O'Keeffe, 414 F.2d 657 (5th Cir. 1968).

■ Decedent was engaged in maritime employment if his activities were directly concerned with a maritime purpose. Morrison-Knudsen Company v. O'Leary, 288 F.2d 542 (9th Cir. 1961). In this case decedent was dismantling a bridge across navigable waters. The contract of demolition required that operations be scheduled to provide a minimum of interruption to the flow of the river at all times, and to prevent hazards to boating on the river. The contractor was to abide by the District Engineer's requirements for the protection of navigation. After the superstructure of the bridge had been taken down, the piers were to be removed and the river restored to its original elevation. These factors clearly indicate that decedent's employment was directly related to navigation on the river and served a maritime purpose. See Ber-

wind-White Coal Mining Company v. City of New York et al., 135 F.2d 443, 447 (2nd Cir. 1943).

■ Furthermore, even were we to conclude that there was substantial evidence to support the Deputy Commissioner's finding of non-maritime employment, claimant's right to recovery would not thereby be precluded. Section 3 of the Longshoremen's Act, 33 U.S.C. § 903 contains no reference to "maritime employment." Rather that language is contained in Section 2(4) of the Act, 33 U.S.C. § 902(4) which defines an employer as "an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States * * * " The term "maritime employment" is directed at the employer and not at the work that the employee is doing. Pennsylvania Railroad Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367 (1953). An injured employee, therefore, can recover under the Longshoremen's Act if his accident occurs on navigable waters, if he is in furtherance of his employer's business, and if his employer has any employees engaged in maritime employment. This is so irrespective of whether the injured employee himself can be labeled "maritime" *supra*.

■ In the case at bar, Reid employed one Joseph Yardley to operate a motorboat for the purpose of transporting men and material to the pier in the middle of the river. This is clearly maritime activity under the Longshoremen's Act. Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 247, 62 S.Ct. 221, 86 L.Ed. 184 (1941). As Reid had employees engaged in maritime employment, decedent's accident occurred on navigable waters and it is undisputed that he was acting in the course of his employment at the time, his injury is compensable under the Longshoremen's Act.

The second ground on which the Deputy Commissioner denied plaintiffs' claim was that compensation was validly

provided by state law. As the Longshoremen's Act applies only where "recovery * * * through workmen's compensation proceedings may not validly be provided by State law," he concluded that the availability of compensation under New Jersey law barred recovery under the federal act.

The Longshoremen's Act was passed in 1927 as a reaction to the holdings of Southern Pacific Company v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917) and cases following *Jensen* which severely restricted the applicability of state compensation acts to maritime employees. *Jensen* held that a state could not extend a compensation remedy to a longshoreman injured on the gangplank between a ship and the pier. The purpose of the Longshoremen's Act was to provide federal compensation for all injuries to employees where *Jensen* might have seemed to preclude state compensation. Calbeck v. Travelers Insurance Company, 370 U.S. 114, 121, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962).

■ The accident to decedent, maritime in nature and occurring upon navigable waters presents precisely the type of situation in which *Jensen* would have questioned the validity of state compensation coverage. Upon facts strikingly similar to those here the Supreme Court in *Davis, supra,* admitted that it was "extremely difficult" to determine whether *Jensen* would permit state compensation law to apply. This being so, we conclude that the accident was within the purview of the Longshoremen's Act and that plaintiffs may recover regardless of whether New Jersey compensation law may validly have applied. *Calbeck, supra.*

■ The final argument presented by Public is that plaintiffs are barred from recovery under the Longshoremen's Act because they elected to proceed under New Jersey's compensation statute and because they were guilty of laches in pursuing their claim under the federal act. We disagree. It is settled law that the acceptance of payments under a state compensation statute does not constitute an election of the remedy under state law precluding recovery under the Longshoremen's Act. *Calbeck, supra,* 370 U.S. at 131, 82 S.Ct. 1196. There is nothing in the record to indicate that plaintiffs made a binding election to proceed under New Jersey compensation law. No formal proceedings were instituted by plaintiffs; Mrs. Peter merely accepted those payments which were voluntarily given to her soon after her husband's death.[2] We likewise find no evidence to support Public's claim of laches. Mrs. Peter was never advised that she had any right to compensation under the Longshoremen's Act until she consulted an attorney. Moreover, having been offered payments under New Jersey compensation law, she might reasonably have concluded that these payments constituted her sole remedy. Under these circumstances we cannot find her guilty of laches.

### ORDER

And now, this 5th day of March, 1971, it is ordered that plaintiffs' motion for summary judgment is granted. Defendant Deputy Commissioner's motion for summary judgment is denied. Intervener's motion for summary judgment is denied.

Plaintiffs will submit an appropriate order.

---

2. Double recovery is, of course, not permitted. The full amount of payments made under the state compensation act must be credited against the award under the federal act.