## UNITED BRANDS COMPANY, Petitioner,

### v.

## Thad MELSON, and the Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

### No. 77–2904.

United States Court of Appeals, Fifth Circuit.

May 14, 1979.

Rehearing Denied July 3, 1979.

---

George W. Healy, III, Patrick E. O'Keefe, New Orleans, La., for petitioner.

Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, La., Carin A. Clauss, Sol. of Labor, Harry L. Sheinfeld, Gilbert T. Renaut, Atty., Laurie M. Streeter, Associate Sol., U. S. Dept. of Labor, Washington, D. C., for respondents.

Before THORNBERRY, GODBOLD and HILL, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an unusual case arising under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* (Act). The claimant, Thad Melson, was employed by United Brands Company as a banana handler and a rigger for approximately thirteen (13) years. At United Brands, Melson engaged in strenuous manual labor such as the lifting of heavy equipment and the moving of numerous banana boxes. At the same time Melson was employed by United Brands, he held a second job at McKnight's Service Station. Melson worked approximately two or three days a week at United Brands while he worked six nights a week at the service station.

For two weeks prior to May 24, 1973, Melson's last day at United Brands, he experienced shortness of breath and chest pains. Testimony before the administrative law judge (ALJ) suggested that Melson's chest pains were so severe that Melson was unable to climb out of the ship's hold, and that Melson's co-workers would cover for him as he was unable to do his job. On Melson's last day, his foreman noticed Melson's condition and asked Melson if he were having a heart attack.

Despite his serious condition, Melson went to work at McKnight's service station

and completed his assigned shift. The next day, May 25, Melson also worked at the service station, but he failed to go to the service station on May 26, and the next day Melson suffered a myocardial infarction.

On December 17, 1973, Melson filed suit against the gas station for workers' compensation benefits under the Louisiana Workmen's Compensation Act, La.R.S. §§ 23:1021–1351. On March 8, 1974, the station impleaded United Brands and United Brands defended on the ground that Melson's exclusive remedy was under the Longshoremen's Act. On February 7, 1975, Melson filed a formal claim for benefits under the Longshoremen's Act. As of this date, United Brands had not filed a report of Melson's injury with the Director of Workers' Compensation Programs (Director).[1] On March 6, 1975, Melson settled his claim against the gas station for $11,500.00 without notice to United Brands.

The issues in this case are (1) Is Melson's claim barred as untimely? (2) Does the "Last Employer Rule" require that Melson's compensation come exclusively from the state compensation system? (3) Does Melson's settlement of his suit against the service station without written approval of United Brands bar this suit under 33 U.S.C. § 933(g)? (4) If Melson's Longshoremen's claim is not barred, should his federal award be reduced by the amount of his state award?

I.

Under the Act, an employee must comply with two separate limitations periods and failure to comply with either will defeat recovery. In this case United Brands argues that Melson's claim is prescribed by both the limitation period of 33 U.S.C. § 912(a) and 33 U.S.C. § 913(a).

Section 912(a)[2] requires an employee to give written notice to the employer and to the deputy commissioner within thirty days after the employee knew, or reasonably should have known, that his illness is work-

---

1. *See* 33 U.S.C. § 930(a), (f).

2. 33 U.S.C. § 912(a):

Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death, or thirty

related. Failure to comply with this section will be excused if the employer had knowledge of the injury and the deputy commissioner determines that the employer has not been prejudiced by failure to give such notice.[3] 33 U.S.C. § 912(d).[4]

Section 33 U.S.C. § 913(a)[5] requires the employee to file a claim within one year after the employee knew, or reasonably should have known, of the relationship between his illness and employment. This limitation period is tolled by 33 U.S.C. § 930(f)[6] when the employer or carrier had knowledge of the illness and fails to file the report required by 33 U.S.C. § 930(a).[7] The limitation is also tolled by the filing of a claim under a state's workmen's compensation system. 33 U.S.C. § 913(d).[8]

It is, of course, undisputed that Melson failed to give notice to the employer within

---

days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given (1) to the deputy commissioner in the compensation district in which the injury occurred, and (2) to the employer.

3. Failure to comply with 33 U.S.C. § 912(a) will also be excused if the deputy commissioner determines that for some satisfactory reason notice should not be given and if the employer fails to object to the lack of notice at the first hearing of a claim of compensation. 33 U.S.C. § 912(d)(2).

4. 33 U.S.C. § 912(d):

Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury or death.

5. 33 U.S.C. § 913(a):

Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or death occurred. The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment.

6. 33 U.S.C. § 930(f):

Where the employer or the carrier has been given notice, or the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier has knowledge, of any injury or death of an employee and fails, neglects, or refuses to file report thereof as required by the provisions of subdivision (a) of this section, the limitations in subdivision (a) of section 913 of this title shall not begin to run against the claim of the injured employee or his dependents entitled to compensation, or in favor of either the employer or the carrier, until such report shall have been furnished as required by the provisions of subdivision (a) of this section.

7. 33 U.S.C. § 930(a):

Within ten days from the date of any injury or death or from the date that the employer has knowledge of a disease or infection in respect of such injury, the employer shall send to the Secretary a report setting forth (1) the name, address, and business of the employer; (2) the name, address, and occupation of the employee; (3) the cause and nature of the injury or death; (4) the year, month, day, and hour when and the particular locality where the injury or death occurred; and (5) such other information as the Secretary may require. A copy of such report shall be sent at the same time to the deputy commissioner in the compensation district in which the injury occurred.

8. The administrative law judge held, in the alternate, state compensation lawsuit tolled the one year limitations period under 33 U.S.C. § 913(a) under § 913(d). We need not reach this determination. *See Ingalls Shipbuilding Division v. Hollinhead*, 571 F.2d 272 (5 Cir. 1978); *Wilson v. Donovan*, 218 F.Supp. 944 (E.D.La.1963), *aff'd*, 328 F.2d 313 (5 Cir.), *cert. denied*, 379 U.S. 816, 85 S.Ct. 31, 13 L.Ed.2d 28 (1964).

Section 913(d) reads:

Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that

the thirty days as required by 33 U.S.C. § 912(a) and failed to file his claim within one year as required by 33 U.S.C. § 913(a). Our question now becomes whether the failure to comply with 33 U.S.C. § 912(a) will be excused by the employer's knowledge of the injury, 33 U.S.C. § 912(d), and whether the limitation period of 33 U.S.C. § 912(a) was tolled by United Brands' failure to file an injury report, 33 U.S.C. § 930(f).

United Brands urges that our decision in *Strachan Shipping v. Davis*, 571 F.2d 968 (5 Cir. 1978), mandates a reversal of the Benefits Review Board in this case. In *Davis*, an employee who had spent his career unloading dust boats left work at the shipping company in December 1968. The employee discovered that he had a work-related injury in August 1969 but failed to file a claim until August 1971. The Benefits Review Board was of the opinion that the employer's mere knowledge that the employee was suffering from an illness was sufficient to toll the limitations period of 33 U.S.C. § 912(a) and 33 U.S.C. § 913(a). We rejected the Board's view and directed that the claimant's claim be denied on the strength of the administrative law judge's finding that the employer or carrier had no knowledge that the illness was job related. We carefully reserved the question of whether employer knowledge includes the situation in which the employer " 'should have known' of possible job-related illness." *Id.* at 974.

The Director suggests that the question reserved in *Davis* is now properly presented to this court because the Benefits Review Board used the "should have known of job-relatedness" standard. Taking the contrary position, United Brands argues that the Board held that the mere knowledge of the illness was enough to toll the limitations periods of the Act.

We find ourselves unable to completely agree with either viewpoint. The Director is correct to the extent that the Board did find that Melson's condition would lead a prudent employer to investigate Melson's injury, but this is slightly different from a determination that the employer should have known Melson's injury was job-related. United Brands is correct to the extent that the Board obviously relied on its pre-*Davis* view of knowledge since the Board decided this case before our decision in *Davis*,[9] but United Brands would have us ignore the Board's additional findings.

■ Our own view of this case along with our partial agreement and partial disagreement with the litigants leads us to conclude that the Board's opinion is not one from which we should properly decide the knowledge question reserved in *Davis*. Instead, we affirm the award of the Board for independent reasons.[10]

■ In *Davis*, the employer had no reasonable suspicion that the claimant's injury was work-related. 571 F.2d at 974. The present case is distinguishable because there is abundant evidence that Melson's illness manifested itself on the job. When an employee's job is to move heavy boxes and while endeavoring in this task, the employee is under such obvious distress that

such employer had secured compensation to such employee under this chapter, the limitation of time prescribed in subdivision (a) of this section shall begin to run only from the date of termination of such suit.

**9.** For example, the Board's opinion contains the following passage:

Employer argues that Section 30 should not apply where employer had no definite knowledge the injury was work-related. This contention has been rejected both in *Davis v. Strachan Shipping Co.*, 2 BRBS 272, BRB No. 75–102 (Sept. 18, 1975), and *Cain v. Fort Lee Officers' Open Mess*, 1 BRBS 372, BRB No. 74–194 (March 31, 1975).

**10.** The Director suggests that our power is limited to reviewing decisions of the Benefits Review Board and we are unable to decide an issue not reached by the Board. The Director has cited no cases but suggests that such a limitation is implicit in the jurisdictional grant of 33 U.S.C. § 921. We do not read 33 U.S.C. § 921 as narrowly as the Director. We have the power to affirm, modify, or set aside, in whole or in part, the order of the Board. Today, we affirm the Board's order granting compensation to the claimant. We do not think the statute requires us to affirm for the reasons given by the Board. When the Board's order can be affirmed on a question of law, we think we are fully empowered to do so.

his foreman inquires about his health, we believe that the Act presumes that the injury is work-related. In *Butler v. District Parking Management Co.*, 124 U.S.App.D.C. 195, 363 F.2d 682 (1966) (per curiam), the District of Columbia Circuit held that 33 U.S.C. § 920(b) [11] presumes that an employer has notice of the work-relatedness of an injury when the injury manifests itself on the job. Since United Brands is presumed to know that Melson's injury was work-related, we hold that United Brands had sufficient knowledge to toll the prescriptions periods of 33 U.S.C. § 912(a) and 33 U.S.C. § 913(a).

The Director urges us to affirm the Board on either of these grounds. We need not reach these difficult questions for the simple reason that the ALJ found that Melson was totally and permanently disabled as of his last day at work for United Brands. The date of Melson's heart attack is a false issue. It makes no difference that Melson later suffered a heart attack. If Melson had not suffered a heart attack, United Brands would still be liable. In its supplemental brief, United Brands apparently recognizes this possibility and argues that the ALJ's opinion on this point was defective. We disagree and think the ALJ was supported by substantial evidence.

## II.

■ Next, United Brands argues that the Benefits Review Board erred by failing to apply the successive or last employer's rule. United Brands relies heavily on *Travelers Ins. Co. v. Cardillo*, 225 F.2d 137 (2 Cir. 1955), *cert. denied*, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955). In *Cardillo*, the Second Circuit determined that the last employer in whose employment an employee was exposed to an injurious stimuli was liable for the full amount of the award with no apportionment of damages between successive employers. Taking this rule, United Brands argues that McKnight's Service Station was the last employer in whose employment Melson was exposed to the stress and strain that eventually resulted in his heart attack, and therefore McKnight is solely liable.

The Benefits Review Board held that the successive employer's rule was limited to occupational disease cases and that it is inappropriate when the administrative law judge does not have jurisdiction over both the former and later employer, *i. e.*, mixed federal-state coverage as in McKnight Service Station's Louisiana coverage and United Brands' federal coverage.

## III.

■ United Brands' third argument is that Melson's claim is barred by his failure to obtain United Brands' consent to his settlement with McKnight Service Station. United Brands relies on the following provision of the Act:

If compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (f) of this section only if the written approval of such compromise is obtained from the employer and its insurance carrier by the person entitled to compensation or such representative at the time of or prior to such compromise on a form provided by the Secretary and filed in the office of the deputy commissioner having jurisdiction of such injury or death within thirty days after such compromise is made.

33 U.S.C. § 933(g).

United Brands' argument is simply that Melson failed to obtain its consent for its settlement with McKnight and therefore

---

11. 33 U.S.C. § 920(a, b):

In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—

(a) That the claim comes within the provisions of this chapter.

(b) That sufficient notice of such claim has been given.

forfeited his right to an award under the Act. The Benefits Review Board determined that this section is wholly inapplicable to the instant case because the section contemplates a case in which an employee is injured by a third person during the course of his employment for the covered employer.[12] We agree.

We think the section is clearly limited to the situation in which the third party is potentially responsible to both the employee and the covered employer. Take the example of a tortfeasor who injures an employee while the employee is working for a covered employer. The covered employer is responsible to the injured employee irrespective of fault and must make compensation payments to the employee. The third party causing the injury is not absolved and he is fully liable to the employee in damages. The injured party, however, may not collect both compensation benefits and damages. To avoid this possibility, the Act assigns to the employer the right to recoup the compensation benefits paid to the employee from the sum owed by the third party. 33 U.S.C. § 933(b), (c).

Section 933(g) is included in the Act to avoid the inevitable prejudice that would accrue to the employer if the injured worker were allowed to settle his claim against the third party who is liable for a fund from which the employer seeks to recoup its compensation benefits. In our example, assume that the injured worker is entitled to $10,000 in compensation benefits. If the employee were to unilaterally settle his claim against the third party for $1.00, the covered employer would be liable for the remaining $9,999. By giving the employer the right to approve compromises, the Act

eliminates this potential prejudice. *See Morauer & Hartzell, Inc. v. Woodworth,* 142 U.S.App.D.C. 40, 439 F.2d 550, 552 (1970). In our example, the employer would not approve the proposed $1.00 settlement and would insist on a larger one. If the third party would then settle the claim against it for $5,000, the employer's ultimate liability would then be reduced to $5,000.

The instant case is simply not the case of a third party causing injury to an employee arising during the employee's employment for a covered employer. In this case, McKnight is not responsible for creating a fund from which United Brands is entitled to draw. United Brands is fully liable to Melson regardless of Melson's settlement with McKnight's Service Station. The compensation due Melson is not a shared liability between McKnight and United Brands and Melson's compromise with McKnight does not affect United Brands' duty to Melson. Since there is no possibility of prejudice accruing to United Brands by reason of Melson's settlement, we conclude that the Benefits Review Board was correct in its determination that 33 U.S.C. § 933(g) does not bar this action.[13]

### IV.

■ The last issue in this case is whether Melson's federal award should be reduced by the amount of his state settlement? The administrative law judge originally awarded United Brands a set-off for the settlement amount but the Benefits Review Board provided Melson a full recovery.[14] United Brands argues the Board impermissibly allowed Melson a double recovery.

---

**12.** The Board suggested that this case is limited to a third party tortfeasor. We need not reach this point.

**13.** United Brands argues that this section applies to the present case because 33 U.S.C. § 933 speaks of a third person liable in damages and we have held the word "damages" includes workmen compensation suits. *See Ingalls Shipbuilding Division v. Hollinhead,* 571 F.2d 272 (5 Cir. 1978); *Wilson v. Donovan,* 218 F.Supp. 944 (E.D.La.1963), *aff'd,* 328 F.2d 313 (5 Cir.), *cert. denied,* 379 U.S. 816, 85 S.Ct. 31,

13 L.Ed.2d 28 (1964) (construing the word damages as used in 33 U.S.C. § 913(d) to include suits for compensation benefits). We find ourselves unable to agree with United Brands that the word "damages" is the operative word for our purposes. We think the important inquiry is to determine if McKnight's Service Station is a "third person" within the ambit of this section. We hold that the service station is not.

**14.** *See United Brands Co. v. Melson,* 569 F.2d 214 (5 Cir. 1978) (Order of Roney, J.).

The Director argues that there is really no double recovery since both compensation systems are inadequate and two inadequates do not make a whole. We reject the Director's view. We, of course, realize that compensation benefits are not generous but the level of compensation is a legislative matter determined by the Congress and the appropriate state legislative body. In the present case, Melson has received two recoveries for the same condition. This is a theoretical double recovery [15] and for purposes of our analysis we must be content to call Melson's recovery a double recovery.

The Act contains two provisions that provide for a set-off. The first provision is 33 U.S.C. § 933. We have agreed with the Board that this section is inapplicable to the instant case. *See* § III, *supra*. The second provision of the Act that envisions a set-off is 33 U.S.C. § 914(k).[16] This provision provides for a set-off when an employer has made advance compensation payments. This section is equally inapplicable. We agree with the Board that no section of the Act requires that Melson's federal award be reduced by his state settlement.

We feel compelled, however, to inquire further to determine if any overriding policy requires that Melson's federal award be reduced. Our own research has led us to a number of cases in which the federal court required that an award made under the Act be reduced by the amount of a state compensation award. *Calbeck v. Travelers Ins. Co.,* 370 U.S. 114, 82 S.Ct. 1196, 1206, 8 L.Ed.2d 368 (1962); *Newport News Shipbuilding & Dry Dock Co. v. O'Hearne,* 192 F.2d 968, 971 (4 Cir. 1951); *Western Boat Building v. O'Leary,* 198 F.2d 409, 412 (9 Cir. 1952); *Holland v. Harrison Bros. Dry Dock & Repair Yard, Inc.,* 306 F.2d 369, 370, 373 (5 Cir. 1962), *modified on rehearing,* 308 F.2d 570 (5 Cir. 1962); *Peter v. Arrien,* 325 F.Supp. 1361, 1366 n.2 (E.D.Pa.1971), *aff'd,* 463 F.2d 252, 253 n.1 (3 Cir. 1972). *See also Newport News Shipbuilding & Dry Dock v.*

*Director,* 583 F.2d 1273, 1277 n.4 (4 Cir. 1978), *pet. for cert. filed,* —— U.S. ——, 99 S.Ct. 1232, 59 L.Ed.2d 465 (1979); *Mass. Bonding & Ins. Co. v. Lawson,* 149 F.2d 853, 854 (5 Cir. 1945); *United States Fidelity & Guaranty Co. v. Lawson,* 15 F.Supp. 116, 119 (S.D.Ga.1936).

We believe that these cases are not controlling in the instant case. In each of these cases one employer provided both the state and the federal compensation. Therefore, the courts reduced an employee's federal award by the amount paid to him by his employer's state compensation coverage. By this method the employee did not receive a double recovery and the employer was responsible to pay only one full recovery.

In the present case, we are satisfied that Melson has received a double recovery in the sense that he was fully compensated by the state compensation system and federal system for a single condition. But, on the other hand, United Brands has not been prejudiced by Melson's recovery from the state system. Under the Act, United Brands is fully liable for Melson's injury. Melson's recovery from McKnight is a mere fortuity. To allow United Brands a set-off is to give United Brands a windfall in the amount of Melson's state award. Until Congress is moved by this unusual situation, we think that the solution to this difficult problem is to allow the windfall of double recovery to reside with the injured worker rather than allow the set-off windfall to accrue to United Brands.

AFFIRMED.

---

15. We have borrowed this term from Black & Gilmore, Law of Admiralty § 6–52.

16. 33 U.S.C. § 914(k):

If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.