855 F.2d 244
 1989 A.M.C. 177
 James Ray JACKSON, Petitioner,
v.
LAND & OFFSHORE SERVICES, INC., and American Mutual
Liability In urance Company and Director, Office
of Worker's Compensation Programs, U.S.
Department of Labor, Respondents.
 No. 87-4958.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 20, 1988.
 
 Ralph Brewer, Baton Rouge, La., for petitioner.
 Philip E. Roberts, Alan K. Breaud, Lafayette, La., Geo R. Salem, Sol., J. Michael O'Neill, Samuel J. Oshinsky, U.S. Dept. of Labor, Washington, D.C., for respondents.
 Petition for Review of an Order of the Benefits Review Board.
 Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, James Ray Jackson, appeals the denial of future compensation benefits pursuant to the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. Sec. 901 et seq. (LHWCA), for injuries sustained on his job. Jackson settled a third party liability action for his injuries while he was receiving voluntary payments under the LHWCA from his employer. Following the settlement, his employer stopped the payments, and Jackson formally applied for future benefits. Jackson was denied future benefits from his employer, because he settled his third party action without obtaining the prior approval of his employer. 33 U.S.C. Sec. 933(g). We affirm.
 
 I.
 
 2
 Union Oil Company of California (Union) owns offshore oil platforms in the Gulf of Mexico. Union contracted with Land & Offshore Services, Inc. (L & O) to perform maintenance services on these platforms. In the contract, L & O agreed to indemnify Union against claims brought against Union by L & O's employees, and L & O agreed to obtain insurance to protect Union from such claims. L & O also waived any right of subrogation against Union.
 
 
 3
 Appellant Jackson was an employee of L & O. In September of 1979, he was injured while working on a Union platform in the Gulf of Mexico. Following the accident, L & O voluntarily began making worker's compensation payments to Jackson pursuant to the LHWCA.
 
 
 4
 While receiving these payments, Jackson sued Union in the United States District Court for the Western District of Louisiana, claiming that Union negligently caused his injuries. The case went to trial, but before the jury returned from its deliberation, Jackson and Union confected a structured settlement. Jackson agreed to this settlement without the knowledge, consent, or approval of his employer, L & O.
 
 
 5
 L & O learned of the settlement over a year later and immediately discontinued its voluntary payments to Jackson. Jackson then filed a worker's compensation claim with the United States Department of Labor seeking renewed worker's compensation benefits. A hearing on Jackson's claims was held before an Administrative Law Judge (ALJ). The ALJ denied Jackson's application for benefits, because Jackson settled his third party claim against Union without his employer's consent, and therefore, the LHWCA barred any future recovery of worker's compensation benefits as a result of his accident. 33 U.S.C. Sec. 933(g). Jackson appealed the decision of the ALJ to the United States Department of Labor Benefits Review Board (BRB). The BRB affirmed.
 
 
 6
 We have jurisdiction of Jackson's appeal seeking review of the legal conclusions of the BRB under 33 U.S.C. Sec. 921(c). See Miller v. Central Dispatch, Inc., 673 F.2d 773, 778 (5th Cir.1982). There are no factual disputes.
 
 
 7
 Jackson argues that the LHWCA requires neither notification to his employer nor his employer's consent to his settlement with Union because his employer had waived its right to subrogation and had agreed to indemnify Union. This conclusion is contradicted by the clear precedent of this court. Petroleum Helicopters, Inc. v. Collier, 784 F.2d 644 (5th Cir.1986); Petro-Weld, Inc. v. Luke, 619 F.2d 418 (5th Cir.1980). We affirm the BRB.
 
 II.
 
 8
 This case is controlled by 33 U.S.C. Secs. 933(f) & 933(g)(1) and (2), which provide in pertinent part as follows:(f) If the person entitled to compensation institutes proceedings [against a third person] the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the net amount recovered against such third person....
 
 
 9
 (g)(1) If the person entitled to compensation ... enters into a settlement with a third person ... for an amount less than the compensation to which the person ... would be entitled under this chapter, the employer shall be liable for compensation as determined under subsection (f) of this section only if written approval of the settlement is obtained from the employer and the employer's carrier, before the settlement is executed....
 
 
 10
 (2) If no written approval of the settlement is obtained ... or if the employee fails to notify the employer of any settlement obtained from or judgment rendered against a third person, all rights to compensation and medical benefits under this chapter shall be terminated, regardless of whether the employer or the employer's insurer has made payments or acknowledged entitlement to benefits under this chapter.
 
 III.
 
 11
 Jackson raises two objections to the application of the notice and approval requirements of section 933. First, notice was not required, because L & O had no interest in the settlement. He argues that L & O waived any right it had in the settlement by agreeing to waive its subrogation rights and to indemnify Union. Second, notice was not required because the settlement was for an amount greater than the compensation Jackson was entitled to under the LHWCA. Jackson argues that section 933(g)(1) expressly applies only when the settlement is for an amount less than the statutory entitlement.
 
 
 12
 Both of these arguments ignore a central purpose of the notice provisions--to protect the compensation scheme from costs that should be borne by third party tortfeasors and thus to prevent double recovery. Waiver of subrogation rights does not exhaust an employer's interest in a settlement between an employee and such a third-party. Collier, 784 F.2d at 647. The employer has a right to set-off the amount of the settlement against future payments. 33 U.S.C. Sec. 933(f); Collier, 784 F.2d at 646-47. This provision is independent of the right of an employer to subrogation. The right is also protected by the notice provision. Collier, 784 F.2d at 646-47; Petro-Weld, 619 F.2d at 421. For example:
 
 
 13
 [A]ssume that the injured worker is entitled to $10,000 compensation benefits. If the employee were to unilaterally settle his claim against the third party for $1.00, the covered employer would be liable for the remaining $9,999. By giving the employer the right to approve compromises, the [LHWCA] eliminates this potential prejudice. In our example, the employer would not approve the proposed $1.00 settlement and would insist on a larger one. If the third party would then settle the claim against it for $5,000, the employer's ultimate liability would then be reduced to $5,000.
 
 
 14
 United Brands Co. v. Melson, 594 F.2d 1068, 1074 (5th Cir.1979) (citations omitted). "Moreover, there is nothing in the language of Sec. 933 to support a 'waiver of subrogation' exception to the unqualified requirement that an employee obtain the consent of the employer and carrier for any settlement with a third party tortfeasor." Collier, 784 F.2d at 647.
 
 
 15
 The fact that L & O indemnified Union in addition to waiving its subrogation rights strengthens, rather than distinguishes, the holding of Collier. If Jackson is allowed to recover twice and L & O is required to pay both the amount of Jackson's settlement with Union and to continue worker's compensation benefits it will pay twice. Jackson is entitled to only one recovery regardless of who pays it.
 
 
 16
 The amount of the settlement is also irrelevant to whether L & O must continue to pay benefits. L & O is entitled to set-off any amount recovered by Jackson in an action against a third party tortfeasor. 33 U.S.C. Sec. 933(f). If the amount of the settlement is greater than the value of the benefits to be paid by L & O, L & O's obligation is set-off entirely. If the settlement is for a lesser amount, L & O could be required to continue making payments. In the latter case, the employer's consent is expressly required on penalty of terminating all further rights to benefit payments. Since Jackson gave no notice, he is not entitled to future payments. This is true regardless of the amount of the settlement. The protections provided by section 933(g) are not necessary when the settlement amount exceeds the employer's obligation; such a settlement eliminates any further obligation to pay. If the settlement is less than the amount of benefits provided, lack of notice terminates the right to receive those benefits.[1]
 
 IV.
 The Order of the Benefits Review Board is
 
 17
 AFFIRMED.
 
 
 
 [1]
 Since L & O paid benefits during the period from the settlement to the date it discontinued payments, Jackson has surely recovered more than he was entitled to be paid under the LHWCA. L & O and its insurance carrier have not requested relief from BRB or this court for the payments they made to Jackson after the settlement