664 F.2d 1045
 Leo BRAY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U. S.
DEPARTMENT OF LABOR, Transport Indemnity Company
and Aetna Casualty & Surety Company, Respondents.
 No. 80-5638.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B*
 Dec. 28, 1981.
 William D. Barfield, Jacksonville, Fla., Joshua T. Gillelan II, Washington, D. C., for petitioner.
 James R. Barfield, Jacksonville, Fla., for Transport Indemnity Co.
 John E. Houser, Jacksonville, Fla., for Aetna Casualty & Surety Co.
 Petition for Review of an Order of the Benefits Review Board.
 Before FRANK M. JOHNSON, HENDERSON and THOMAS A. CLARK, Circuit Judges.
 HENDERSON, Circuit Judge:
 
 
 1
 The appellant petitions for the review of an order of the Benefits Review Board, United States Department of Labor, (Board) dismissing his administrative appeal under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950, for want of jurisdiction. Holding that the Board had jurisdiction of the administrative appeal, we reverse.
 
 
 2
 Bray, a sheet-metal worker at Aerojet-General Shipyards, Inc., contracted occupational chronic bronchitis in 1965 from exposure to industrial fumes and dust, which was aggravated by subsequent exposures during 1965 to 1967. His claim under the LHWCA resulted in a compensation order entered January 24, 1969, finding periods of temporary total and temporary partial disability, followed by permanent partial disability from November 1, 1968, and awarding benefits. The deputy commissioner assessed the award equally against Transport Indemnity Company (Transport) and Aetna Casualty and Surety Company (Aetna), which had insured the shipyards during portions of 1965 to 1968. There was no appeal from this order, and the parties stipulate that it became a final determination.
 
 
 3
 During 1979, the total benefits paid to Bray reached $24,824.10, whereupon Transport and Aetna announced their intention to discontinue payments.[1] On July 25, 1979, Bray filed a request for a formal hearing, in which he maintained that the 1969 compensation order dealt with two separate injuries, thereby entitling him to benefits up to a $48,000.00 ceiling rather than the $24,000.00 maximum for one injury. In an order of March 3, 1980, the deputy commissioner determined that the 1969 order had found only a single injury, and that the payment of over $24,000.00, as stipulated by the parties, discharged the insurers' liability under the LHWCA. Without reaching the merits, the Benefits Review Board dismissed Bray's administrative appeal of the 1980 ruling, deciding that it lacked jurisdiction of an appeal concerning "the interpretation of the language of a compensation order as to the amount of compensation due."[2]
 
 
 4
 The sole issue raised on this appeal is whether the Benefits Review Board had jurisdiction of Bray's administrative appeal pursuant to 33 U.S.C. § 921(b)(3), challenging the deputy commissioner's 1980 order. The insurers concede that jurisdiction to review the 1980 order does not lie in the district court. Aetna urges, however, that the 1969 order is final and not subject to direct review by an appeal filed in 1979. Transport alleges that any error by the Board with respect to the 1980 order was harmless because the deputy commissioner's determination on the merits was correct.
 
 
 5
 In his supplemental brief, the respondent Director of the Office of Workers' Compensation Programs (Director) attempts to advance an additional argument that the 1972 amendments to § 14(m) of the LHWCA, removing the $24,000.00 limitation on benefits for certain disabilities, should apply to Bray's case. As expected, Bray adopts the same position in this court. This issue was not before the Board. Bray was then contending that a $48,000.00 limitation should govern his claim. The insurers object that Bray should not be permitted to assert this new basis for relief for the first time on appeal. For reasons which will appear, we decline to decide here whether the 1972 amendments should be construed to retroactively eliminate the restriction on Bray's benefits.
 
 
 6
 The proceedings instituted in 1979 are not a direct appeal of the 1969 order, but are properly styled an application for a supplementary order declaring a default in the payment of compensation under § 18(a) of the LHWCA, 33 U.S.C. § 918(a).[3] It is reasonable to suppose that the most common issue in a § 18(a) proceeding, for which it was clearly designed, is an employer's failure to pay benefits where the compensation order clearly provides for them. The unusual case may arise, however, where an order is ambiguous or unclear, or uncertainty arises in its application, which was not reasonably apparent at the time of the entry of the order. Such a deficiency is distinct from an error of fact or law, which must be asserted within 30 days after the filing of a compensation order. 33 U.S.C. § 921(a). Where the order does not explicitly answer a question which emerges during the period of payment, there must be some means by which to address the rights of the parties. A § 18(a) proceeding is appropriate for this purpose.
 
 
 7
 Bray's claim here presents such a case. He does not assign any error of fact or law in the 1969 order. Rather, he argues that the deputy commissioner's finding of multiple periods of exposure and assignment of liability to two insurers, an otherwise erroneous holding, necessarily implies that he found two separate injuries, each subject to a $24,000.00 limitation. The order is not explicit on this point, and is reasonably subject to conflicting interpretations, as demonstrated by the parties' opposing views.[4] Whatever the ultimate result on the merits, this claim is cognizable in a § 18(a) proceeding.
 
 
 8
 Having identified the 1980 order as a supplementary order subject to § 18(a) of the Act, we turn to the question of whether an error of fact or law in a supplementary order finding no default is reviewable before the Benefits Review Board. We conclude that it is, and that the Board should have exercised its jurisdiction in this case.
 
 
 9
 Section 21(b)(3) of the Act, as amended in 1972, provides in pertinent part:
 
 
 10
 The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter....
 
 
 11
 33 U.S.C. § 921(b)(3). In Lawson v. Atlantic & Gulf Stevedores, 9 B.R.B.S. 855 (B.R.B.1979), the Board considered a claim for a default penalty against the Special Fund, and held that
 
 
 12
 (q)uestions of law regarding the application and interpretation of the post-award penalty and enforcement provisions of the Act, including Sections 14(f) and 18(a), are to be appealed directly to the Benefits Review Board.
 
 
 13
 Id. at 858. Here the Board did not explain its failure to follow its own ruling in Lawson. The precise basis for its decision was apparently that Bray did not allege any legal or factual error in the 1969 order, and that the district courts are responsible for the interpretation of compensation orders at the enforcement stage under §§ 18(a) and 21(d) of the Act, 33 U.S.C. §§ 918(a), 921(d). See note 2 supra.
 
 
 14
 Our difficulty with this reasoning is that these proceedings were not at the enforcement level, there being no "amount declared in default" under a § 18(a) supplementary order. Furthermore, nothing in the language of § 21(b)(3) suggests that supplementary orders should not be treated as "decisions with respect to claims" under that section, 33 U.S.C. § 921(b)(3). Before the 1972 amendments, § 21(b) provided for the suspension or setting aside of a compensation order by injunction proceedings, and §§ 18(a) and 21(d) (then § 21(c)) supplied the enforcement mechanism. Although not explicitly denoted in the statute as a "supplementary compensation order," a "supplementary order" was a compensation order within the meaning of former § 21(b), and thus governed by the provisions of that subsection as to any suspension or setting aside. See 33 U.S.C. § 921(e).[5]
 
 
 15
 Just as § 18(a) did not provide a means for a wholly separate review before the 1972 amendments, so it does not do so now. The injunction proceedings in district courts for the suspension or setting aside of a compensation order were replaced by the administrative appeal of questions of law or fact set forth in the 1972 amendment to § 21(b). This applies to "supplementary orders" under § 18(a) as well as "compensation orders" pursuant to §§ 919(c) and 922. We accordingly hold that the Board had jurisdiction over Bray's appeal of the 1980 supplementary order.
 
 
 16
 The Director urges that we should decide in this appeal whether the 1972 amendments removing the $24,000.00 ceiling on benefits should be applied in Bray's case, notwithstanding the fact that this issue was not raised below, citing Martinez v. Matthews, 544 F.2d 1233, 1237 (5th Cir. 1976). In Martinez this circuit approved of appellate consideration of an issue asserted for the first time on appeal "when a pure question of law is involved and a refusal to consider it would result in a miscarriage of justice." Even in such a case, however, we will not consider an issue which has not been briefed. Kemlon Prod. & Devel. Co. v. United States, 646 F.2d 223 (5th Cir. 1981). The Director cites Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117 (5th Cir. 1980) (following Hastings v. Earth Satellite Corp., 628 F.2d 85 (D.C.Cir.1980), cert. denied, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980)), where we held that the limitation did not apply to the award of an employee injured before the effective date of the 1972 amendments whose compensation order was filed after that date. Accord, Argonaut Insurance Co. v. Director, O.W.C.P., 646 F.2d 710 (1st Cir. 1981). He does not go on to discuss the fact that Bray's 1969 order became final under 33 U.S.C. § 921(a) before the effective date of the amendments. What difference, if any, the finality of the compensation order prior to the 1972 amendments should make has not been addressed by the other parties.[6] Even assuming that the rule of Martinez is the better course to follow, this is not an appropriate juncture at which to consider whether the repeal of the $24,000.00 limit should be applied retrospectively.
 
 
 17
 A further reason precludes our consideration of the retroactivity issue at this time. Bray's 1979 petition cannot fairly be read as asserting retroactivity under the 1972 amendments. Notwithstanding the relatively informal procedure under the LHWCA, see Stansfield v. Lykes Bros. S. S. Co., 124 F.2d 999, 1004 (5th Cir. 1942), an amendment to his petition is necessary before proper consideration can be given to this issue. As a general rule, when an action has been dismissed for want of jurisdiction and the judgment later reversed and remanded, it is for the district court to first determine if an amendment to the pleadings should be allowed. Everhart v. Huntsville Female College, 120 U.S. 223, 7 S.Ct. 555, 30 L.Ed. 623 (1887); Hawkins v. Cleveland, C., C. & St. L. Ry., 39 C.C.A. 538, 99 F. 322 (7th Cir. 1900); cf. Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205 (1920) (failure to state a claim). But cf. Madden Furniture, Inc. v. Metrop. Life Ins. Co., 127 F.2d 837 (5th Cir. 1942) (court of appeals will in an appropriate circumstance require that an amendment be allowed), subsequent appeal, 138 F.2d 708 (5th Cir. 1943), cert. denied, 322 U.S. 730, 64 S.Ct. 945, 88 L.Ed. 1565 (1944). The same rule should apply in proceedings before administrative agencies.
 
 
 18
 The Board is directed to proceed with Bray's claim. We express no opinion as to the propriety of allowing an amendment to the petition for a supplementary order seeking compensation under the 1972 amendments to the LHWCA, and if such an amendment is permitted, whether, in light of Vinson, the 1972 amendment should be applied retroactively to his award. See Avondale Shipyards, Inc. v. Vinson, 623 F.2d at 1122.
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 [1]
 Until repealed in 1972, § 14(m) of the LHWCA, Act of March 4, 1927, c. 509, § 14(m), 44 Stat. 1432, as amended (formerly codified at 33 U.S.C. § 914(m), limited the aggregate benefits for certain disabilities, including permanent partial disability to $24,000.00
 
 
 [2]
 In its order, the Board, one member dissenting, stated:
 "Inasmuch as claimant's appeal appears to concern the interpretation of the language of a compensation order as to the amount of compensation due rather than any allegation of legal or factual error behind the order, the Board concludes that it is without jurisdiction to hear the appeal. Questions concerning the enforcement of a compensation order and inferentially an analysis of the language in the order would appear to be the province of the federal district court in which (sic) the injury occurred. See 33 U.S.C. §§ 921(d), 918."
 Section 21(d) of the LHWCA, 33 U.S.C. § 921(d), provides, in part:
 If any employer ... fails to comply with a compensation order making an award, that has become final, any beneficiary ... may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred.... If the court determines that the order was made and served in accordance with law ... the court shall enforce obedience to the order (by injunctive relief).
 Section 18(a), 33 U.S.C. § 918(a), provides for enforcement of a supplementary order by filing the order in an appropriate district court, whereupon "the court shall ... enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." (Emphasis added.)
 
 
 [3]
 Section 18(a) provides, in pertinent part:
 In case of default by the employer in the payment of compensation due under any award of compensation ... the person to whom such compensation may, within one year after such default, make application ... or (sic) a supplementary order declaring the amount of the default.
 We note that direct review of the 1969 order would have been conducted before the Benefits Review Board in the first instance, not the deputy commissioner. See 33 U.S.C. § 921(b)(3) (quoted in text infra); 20 C.F.R. Part 802 (1981). Even assuming that Bray had mislabeled his petition as a direct appeal, he would be entitled to proceed under the appropriate provisions. Banks v. Chicago Grain Trimmer's Ass'n, 390 U.S. 459, 465 n. 8, 88 S.Ct. 1140, 1145 n. 8, 20 L.Ed.2d 30, 36 n. 8 (1968); see W. Shakespeare, Romeo & Juliet II, ii (What's in a name? That which we call a rose/ By any other name would smell as sweet.").
 
 
 [4]
 It is instructive to compare the 1969 award with that in Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117, 1118 (5th Cir. 1980). In Vinson the order specifically provided that benefits were to continue until the disability ceased or the $24,000.00 limit was reached
 
 
 [5]
 Section 21(e) (before 1972, (d)) of the Act was unchanged in 1972:
 Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title.
 33 U.S.C. § 921(e) (emphasis added). The terms of § 18(a), like those of § 21(d), furnish a vehicle only for the enforcement of a supplementary order. That § 18(a) provides for the entry of judgment upon the order "if (it) is in accordance with law" does not suggest a contrary interpretation. This determination was made under former § 21(b), which stated:
 If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings....
 Act of Mar. 4, 1927, c. 509, § 21(b), 44 Stat. 1436 (formerly codified at 33 U.S.C. § 921(b)).
 
 
 [6]
 Although we refer to the effective date of the 1972 amendments, we do not attach any special significance to that event on the facts of this case. See Petro-Weld, Inc. v. Luke, 619 F.2d 418 (5th Cir. 1980) (new benefits structure applied to an injury which occurred after the enactment date but before the effective date of the 1972 amendments)