**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-60572**
**Summary Calendar**
_____

**TATE & LYLE NORTH AMERICAN SUGARS, INC.,**
**formerly known as Domino Sugar Corp.; ACE USA,**
**formerly known as CIGNA Insurance Company,**

**Petitioners,**

**versus**

**ALBERT BAUMAN; DIRECTOR, OFFICE OF WORKER'S**
**COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,**

**Respondents.**

**Petition for Review**
**from the Benefits Review Board**
**(99-0991)**

April 16, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Tate & Lyle North American Sugars, Inc., and Ace USA (collectively, Domino) appeal the award of temporary total and permanent partial disability benefits pursuant to the Longshoremen's and Harbor Workers' Compensation Act.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 8 July 1997, while working for Domino, Albert Bauman injured his back while shoveling sugar. He immediately reported the incident to his foreman, who allowed Bauman to return home. The next day, Bauman requested, and was granted, authorization to visit Domino's physician, Dr. Segura, who diagnosed Bauman as having a lumbar sacral strain. Dr. Segura initially placed Bauman on light duty. Three weeks later, Dr. Segura released Bauman to return to work without restrictions. Bauman returned to work, but had difficulty lifting.

After unsuccessfully attempting to return to Dr. Segura (Dr. Segura advised Bauman he was no longer authorized to treat him), Bauman contacted Dr. Phillips, who examined Bauman on 7 and 21 August 1997. Dr. Phillips opined: Bauman's bulging disc, as evidenced by an MRI, weakened his disc ligament; and, as a result of Bauman's 8 July work activities, the ligament was torn. Dr. Phillips recommended Bauman be restricted from work requiring lifting over 50 pounds.

At Domino's request, Bauman was examined by Dr. Steiner on 5 February 1998. Although acknowledging Bauman's MRI revealed a disc-bulge, Dr. Steiner determined Bauman's responses upon physical examination were inconsistent with the MRI. He concluded Bauman was capable of resuming his former duties as a longshoreman.

Domino maintains the award of longshore benefits was *not* supported by substantial evidence. *See **Conoco, Inc. v. Director,***

2

*Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 194 F.3d 684, 687 (5th Cir. 1999).  Specifically, Domino contends: the administrative law judge (ALJ) erred by failing to credit the opinion of Dr. Steiner over that of Dr. Phillips, because Dr. Steiner tested for malingering and Dr. Phillips did *not*; and Dr. Phillips' opinion testimony should have been excluded under 29 C.F.R. § 18.702 (opinions and expert testimony presented in hearings before ALJs) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The ALJ's primary reliance on Dr. Phillip's testimony does *not* constitute reversible error.  *See Ingalls Shipbuilding, Inc. v. Director, Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 991 F.2d 163, 165 (5th Cir. 1993) ("[W]e typically defer to the ALJ's credibility choices between conflicting witnesses and evidence.").

Concomitantly, there was *no* abuse of discretion in the admission of Dr. Phillips' testimony.  Although the ALJ is *not* bound by common law or statutory rules of evidence, he must conduct hearings in such a manner as to best ascertain the rights of the parties.  33 U.S.C. § 923(a).  Domino did *not* object to Dr. Phillips' testimony at the hearing; instead, it presented its objection in a post-hearing brief to the ALJ.  It also presented the issue to the Benefits Review Board.  Neither it nor the ALJ discussed this issue in their opinions.  Our conclusion that there

3

was *no* abuse of discretion in the admission of Dr. Phillips' testimony arises, in large part, out of the ALJ's *not* being given an opportunity to address Domino's objection *at the hearing*. *See* 29 C.F.R. § 18.103 (rulings on evidence in hearings before ALJ; may notice "plain errors affecting substantial rights"); *cf. **Avondale Shipyards, Inc. v. Vinson***, 623 F.2d 1117, 1121-22 (5th Cir. 1980) (finding *no* error in admission of ex parte medical report because objecting party afforded post-hearing cross-examination).

Essentially for the reasons stated by the Benefits Review Board, the petition for review is

*DENIED.*

4