# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 07-60616

LEVINGSTON SHIP BUILDING CO; TEXAS PROPERTY AND CASUALTY
INSURANCE GUARANTY ASSOCIATION

Petitioners

v.

MARY PELAEZ, widow of Paul Pelaez; GULF COPPER &
MANUFACTURING CORP; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR

Respondents

On Petition for Review of an Order of the Benefits
Review Board, United States Department of Labor
BRB No. 06-0821

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

The Texas Property and Casualty Insurance Guaranty Association
(TPCIGA) seeks review of an order of the Benefits Review Board (BRB).
TPCIGA challenges being required to pay death benefits under the Longshore
and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.*, as
well as to pay penalties, attorney's fees, and interest. It contends it has no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

liability because it was not the last maritime employer of the decedent, and, in any event, is not liable under state law for penalties, attorney's fees, and interest. DENIED.

## I.

TPCIGA is a state-created association which pays claims for insolvent insurers. Levingston Shipbuilding Company's insurer is insolvent. (Moreover, Levingston no longer exists.) Accordingly, TPCIGA is Levingston's insurer.

Paul Pelaez worked for Levingston as a ship fitter in the 1960s and early 1970s, where he was exposed to asbestos. In 2002, he died from that exposure. His widow, Mary Pelaez, notified Levingston of her husband's death on 10 June 2003 and filed for death benefits. TPCIGA filed a notice of controversion to the claim on 7 July 2003.

TPCIGA also impleaded Gulf Copper & Manufacturing Corp., contending it, rather than Levingston, was Pelaez' last maritime employer. Gulf Copper denied liability. Along that line, its corporate representative testified Gulf Copper had no record of Pelaez' employment. Based on Social Security records provided to Gulf Copper, the representative believed that, if Pelaez had worked for Gulf Copper, he did so at a facility which never contained asbestos-containing products.

The matter was submitted to an Administrative Law Judge (ALJ) on the record and without a formal hearing. The ALJ concluded Mrs. Pelaez presented a *prima facie* showing that her husband's death was compensable under the LHWCA. The ALJ then rejected TPCIGA's contention that Gulf Copper, rather than Levingston, was the last responsible employer. In that regard, the ALJ noted TPCIGA had presented no substantial evidence that Pelaez had been exposed to asbestos by Gulf Copper and that no evidence established what work Mr. Pelaez did for Gulf Copper or where he did it.

The ALJ also imposed a 10% penalty against TPCIGA, pursuant to 33 U.S.C. § 914, because it failed to pay compensation or file a notice of controversion within 14 days of receiving notice of Mr. Pelaez' death. TPCIGA was also ordered to pay interest on the unpaid sums and Mrs. Pelaez' attorney's fees. (The ALJ noted no objection to the fee application was received; nevertheless, the ALJ reduced the proposed hourly rate.)

TPCIGA appealed this decision to the BRB. It affirmed in an unpublished opinion.

## II.

In reviewing BRB decisions, our "only function is to correct errors of law and to determine if the BRB has adhered to its proper scope of review–*i.e.*, has the Board deferred to the ALJ's fact-finding or has it undertaken de novo review and substituted its views for the ALJ's". *Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117, 1119 n.1 (5th Cir. 1980).

TPCIGA presents three issues. It asserts the BRB erred by upholding the ALJ's finding Levingston was the last responsible employer. It also contends the BRB erred by upholding TPCIGA's liability for penalties, attorney's fees, and interest. Finally, TPCIGA challenges the jurisdiction of the ALJ and BRB to adjudicate these three items.

## A.

The parties agree Mrs. Pelaez established a *prima facie* case of compensability. Under the rule announced in *Travelers Ins. Co. v. Cardillo*, 225 F.2d 137, 145 (2d Cir. 1955), "the employer during the last employment in which the claimant was exposed to injurious stimuli . . . should be liable for the full amount of the award". Although Mrs. Pelaez established her *prima facie* case against Levingston, TPCIGA nevertheless contends, without citation to authority, that Gulf Copper had the *initial burden* to prove it was not the last responsible employer.

3

This contention is foreclosed by *Cooper/T. Smith Stevedoring Co., Inc. v. Liuzza*, 293 F.3d 741 (5th Cir. 2002). "There is no requirement that the employee prove that the employer in question was the last employer. It is the employer's burden to rebut the presumption that rises after the employee presents a *prima facie* case." *Id.* at 750. An employer rebuts this presumption either by establishing: exposure during the employment "did not cause the harm or *that the employee was exposed to injurious stimuli during subsequent employment covered by the LHWCA*". *Id.* at 749 (emphasis added).

B.

Concerning the BIA's affirming the ALJ's award of penalties, attorney's fees, and interest, TPCIGA claims the Texas Property and Casualty Insurance Guaranty Act (Guaranty Act), TEX. INS. CODE ANN. § 462.001 *et seq.* (Vernon 2007), exempts such items from "covered claims" TPCIGA is required to pay. (The Guaranty Act has been amended and re-codified multiple times. This citation reflects its current codification.)

As an initial matter, were TPCIGA a "carrier" within the meaning of the LHWCA, its obligation to pay penalties, attorney's fees, and interest would not be at issue. *See* 33 U.S.C. § 914. TPCIGA asserts it is not a LHWCA carrier; that its liability is controlled exclusively by the Guaranty Act. The United States Department of Labor (DOL) contends, *inter alia*, that TPCIGA consented to being treated as a "carrier".

Before the ALJ, TPCIGA repeatedly referred to itself as Levingston's carrier. The ALJ similarly referred to TPCIGA in that way. And, although TPCIGA referred to itself as Levingston's "insurer" before the BRB, it did not contest its carrier designation.

TPCIGA now contends, however, that it objected to being designated a carrier. It cites no support in the record for this assertion, and our record review has likewise revealed none. Having repeatedly referred to itself as the carrier

and not contested that designation before the BRB, TPCIGA is estopped from contesting that designation now. Accordingly, we hold TPCIGA is liable under the LHWCA for penalties, attorney's fees, and interest.

## C.

Finally, TPCIGA claims that, under "[t]he LHWCA, . . . jurisdiction [and] venue [are lacking] for disputes involving TPCIGA's obligation to pay attorney's fees, penalties and interest".

## 1.

TPCIGA appears to contest venue for any dispute regarding penalties, attorney's fees, and interest because the Guaranty Act mandates venue in Travis County, Texas, for all actions against TPCIGA. Obviously, for the above-presented reasons, including TPCIGA's being a LHWCA carrier, this claim fails. In any event, any venue challenge has been waived because TPCIGA did *not* present it to the BRB. *See Aetna Cas. & Sur. Co. v. Dir., Dep't of Labor*, 97 F.3d 815, 819 (5th Cir. 1996) (issue raised for the first time in a petition for review waived).

## 2.

In its reply brief, TPCIGA belatedly challenges the DOL's jurisdiction concerning penalties, attorney's fees, and interest. It is undisputed that the DOL has jurisdiction to hear claims arising under the LHWCA. *See, e.g.*, 33 U.S.C. § 913. TPCIGA does not dispute this, necessarily conceding in its reply brief that the DOL has jurisdiction over carriers regarding "questions of compensability under LHWCA".

In effect, TPCIGA contends the DOL has jurisdiction over LHWCA claims involving it, except when it disagrees with the DOL's legal conclusions over the scope of its jurisdiction. To the extent TPCIGA's contention is properly read as a challenge to the DOL's jurisdiction–rather than merely a repetition of its

precluded challenge to having been designated a carrier—we reject it. The DOL indisputably has jurisdiction under the LHWCA.

## III.

For the foregoing reasons, review is DENIED.