**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60064
Summary Calendar

FRIEDE-GOLDMAN HALTER INCORPORATED, c/o Texas Property and Casualty Insurance Guaranty Association; RELIANCE NATIONAL INDEMNITY COMPANY, c/o Texas Property and Casualty Insurance Guaranty Association

Petitioners

v.

JORGE A ESCARENO; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR

Respondents

Petition for Review from the Benefits Review Board,
U.S. Department of Labor

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Texas Property Casualty Insurance Guaranty Association (TPCIGA) seeks a review of an order of the Benefits Review Board (BRB). TPCIGA challenges the BRB's award of disability benefits, attorney's fees, and interest under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* TPCIGA contends that (1) it was not liable under state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law for penalties, attorney's fees, and interest;  (2) it was not liable for attorney's fees because it had accepted the recommendations of the informal conference; and (3) the agency's factual findings in respect to causation and disability were not based on substantial evidence.  Finding these arguments unpersuasive, the petition for review is DENIED.

## I. Background

TPCIGA is a state-created association which pays claims for insolvent insurers. Claimant Escareno was injured while working for Friede-Goldman. While Escareno's claim was pending, both Friede-Goldman and its insurance carrier, Reliance, became insolvent. Accordingly, TPCIGA became the insurer and the sole respondent that defended against Escareno's claims before the agency.

On March 17, 2000, Escareno was struck on the right side of his head and shoulder by a metal frame weighing approximately 350 pounds during the course of his employment. He was subsequently treated for headaches, dizziness, and depression. He sought ongoing disability and medical benefits under the LHWCA. The case was presented to an administrative law judge (ALJ).

The ALJ concluded that Escareno presented a *prima facie* showing that his injury was compensable under the LHWCA. Based on a review of the record as a whole, the ALJ concluded that the claimant established a causal relationship between his employment and his headaches, dizziness, and depression. Accordingly, the ALJ awarded the claimant temporary total disability compensation from March 18, 2000 through April 23, 2000, partial disability compensation from April 24, 2000 through May 17, 2000, and temporary total disability from May 18, 2000 and continuing. The ALJ also

awarded Escareno medical expenses and interest. Initially, only Reliance and Friede-Goldman were held liable; however, because they became insolvent during the proceedings, Escareno moved for reconsideration to hold TPCIGA liable. In ruling on the motion for reconsideration, the ALJ concluded that TPCIGA would be liable for all interest, penalties, and attorney's fees related to the case. After the ALJ issued its decision on the motion for reconsideration, Escareno filed an application for attorney's fees and TPCIGA filed a response. On March 20, 2007, before the ALJ reached any decision in respect to attorney's fees, TPCIGA filed a notice of appeal to the BRB in respect to the ALJ's award of benefits and its declaration on reconsideration that TPCIGA is liable. On June 19, 2007, the ALJ awarded Escareno attorney's fees. In an unpublished decision, on December 17, 2007, the BRB affirmed the ALJ's decision awarding benefits and holding TPCIGA liable but declined to consider the ALJ's decision as to attorney's fees because it was not part of the notice of appeal.

TPCIGA now timely petitions this court for a review of the BRB's December 17, 2007 decision.

## II. TPCIGA's Designation as a Carrier

TPCIGA, for the first time in this petition, contests that it is a LHWCA carrier and challenges subject-matter jurisdiction. As in a similar case involving TPCIGA, *Levingston Ship Bldg. Co. v. Pelaez,* Case No. 07-60616, 2009 WL 577736, at *2 (5th Cir. Mar. 6, 2009) (unpublished), here, "[b]efore the ALJ, TPCIGA repeatedly referred to itself as Levingston's carrier. The ALJ similarly referred to TPCIGA in that way. And, although TPCIGA referred to itself as Levingston's 'insurer' before the BRB, it did not contest its carrier designation." For the same reasons as in *Levingston,* "[h]aving repeatedly referred to itself as

the carrier and not contested that designation before the BRB, TPCIGA is estopped from contesting that designation now." *Id.* As in *Levingston,* "[t]o the extent TPCIGA's contention is properly read as a challenge to the DOL's jurisdiction -- rather than merely a repetition of its precluded challenge to having been designated a carrier -- we reject it. The DOL indisputably has jurisdiction under the LHWCA" and "TPCIGA is liable under the LHWCA for penalties, attorney's fees, and interest." *Id.* at \*2-\*3.

## III. Attorney's Fees

The BRB did not address TPCIGA's argument that it is not liable for attorney's fees because it had accepted the agency's recommendation after the informal conference. In the only order currently before us for review, the BRB declined to review this issue because the "employer has not properly appealed the administrative law judge's award of a fee." In its petition, TPCIGA fails to identify any errors in BRB's refusal to address this issue on procedural grounds, but, instead, challenges the merits of the underlying fee award. Accordingly, TPCIGA has failed to properly and timely exhaust its administrative remedies as to the award of attorney's fees by failing to properly abide by the BRB's procedure. We decline to address this issue. *See Cox v. Benefits Review Bd.,* 791 F.2d 445, 447 (6th Cir. 1986); *Hix v. Director, Office of Workers' Compensation Programs,* 824 F.2d 526, 527-28 (6th Cir. 1987); *Duncanson-Harrelson Co. v. Director, Office of Workers' Compensation Programs*, 644 F.2d 827, 832 (9th Cir. 1981) (declining to review issues not properly presented to the BRB); *see also Board of Public Instruction of Taylor County, Fla. v. Finch,* 414 F.2d 1068, 1072 (5th Cir. 1969) ("The general rule of appellate review from decisions of an administrative agency is 'that courts should not topple over administrative

4

decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.'" (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)); *Public Citizen, Inc. v. U.S. E.P.A.*, 343 F.3d 449, 461 (5th Cir. 2003) ("Absent exceptional circumstances, a party cannot judicially challenge agency action on grounds not presented to the agency at the appropriate time during the administrative proceeding.").

## IV. Causation and Extent of Injury

"This court . . . reviews decisions by the BRB to determine whether it has adhered to its proper scope of review -- *i.e.*, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." *Gulf Best Elec., Inc. v. Methe,* 396 F.3d 601, 603 (5th Cir. 2004). In respect to causation and disability, TPCIGA is requesting this court to overturn the ALJ's credibility determination because the ALJ relied on the claimant's expert testimony rather than TPCIGA's expert testimony. "An ALJ is a factfinder and is entitled to consider all credibility inferences. He can accept any part of an expert's testimony; he may reject it completely." *Ortco Contractors, Inc. v. Charpentier,* 332 F.3d 283, 292 (5th Cir. 2003) (citation and quotation marks omitted). The agency's determination is supported by expert testimony and we have no basis to overturn its findings as to causation and the extent of injury because these factual findings are based on substantial evidence.

For the foregoing reasons, we DENY the petition.