[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15287
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cv-00870-MMH-MCR


JAMES HILLIARD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Hilliard appeals from the district court's order affirming the Administrative Law Judge's ("ALJ") denial of his applications for a period of disability and disability insurance benefits, 42 U.S.C. § 405(g). On appeal, Hilliard argues that the ALJ's *ex parte* communication with a medical expert deprived Hilliard of his right to due process and was prejudicial to him because, as a result of the communication, the ALJ gave little weight to Hilliard's treating physician's opinion.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's legal conclusions *de novo* and consider whether the Commissioner's factual findings are supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

Hilliard's brief ignores the case law regarding *ex parte* communications between an ALJ and a medical expert, or *ex parte* communications of any sort for that matter. Here, as in Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117, 1121-11 (5th Cir. 1980),[1] Hilliard was afforded an opportunity to address the *ex parte* communication, but failed to do so. Moreover, even assuming *arguendo* that the communication was improper, it must have prejudiced Hilliard to warrant reversal.

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

2

*Guenther v. Comm'r*, 889 F.2d 882, 884 (9th Cir. 1989).  Upon review of the briefs and the record, the Court cannot conclude that any communication between the ALJ and Dr. Hamrick prejudiced Hilliard.[2]  Even completely ignoring Dr. Hamrick's testimony, the substantial evidence, including Hilliard's own testimony, supports the ALJ's conclusion that Hilliard was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.

     **AFFIRMED.**

---

[2]     The communication apparently involved a recommendation by the medical expert that Hilliard be referred for another psychological exam.  Such recommendation was passed on to Hilliard's representative the next day, and the additional exam was subsequently scheduled.